UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24555-HUCK

JANIOR PEREZ,

    Plaintiff,

vs.

ELITE IMAGING, LLC, *et al.*,

    Defendants.

_____/

# ORDER

THIS CAUSE is before the Court on Defendant's Motion for Leave to File Counterclaim ("Motion") [ECF No. 19], filed by Elite Imaging, LLC ("Elite Imaging") on January 17, 2017. Elite Imaging attached the proposed Counterclaim ("Counterclaim") [ECF No. 19-1] to its Motion. Plaintiff Janior Perez ("Plaintiff") filed Plaintiff's Response . . . ("Response") [ECF No. 20] on January 31, 2017, and Elite Imaging filed its Reply . . . ("Reply") [ECF No. 22] on February 7, 2017. The Court has carefully considered the parties' submissions, the record, and applicable law.

## I. Background

Plaintiff is a former Elite Imaging employee who alleges that he did not receive overtime wages due him for having worked over 40 hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*. (*See* Complaint [ECF No. 1] ¶ 1). Plaintiff's Complaint consists of three counts: Count I for FLSA Overtime Violation; Count II for Breach of Contract with respect to non-receipt of 61 hours of paid time off; and Count III for Promissory Estoppel with respect to the same 61 hours of paid time off. Plaintiff alleges that he worked

overtime approximately 4 hours outside of the office for approximately 6 days each week, totaling 24 hours per week, for which he should have been paid at time and one-half of his regular hourly rate. (*See id.* ¶ 17). Plaintiff's estimation of the amount of unpaid wages exceeds $137,000. (*See* Plaintiff's Rule 26(a) Disclosures [ECF No. 22-3] 6). Plaintiff further alleges that he is owed $2,379.00 for his earned but unused paid time off. (*See* Compl. ¶¶ 27, 32).

Elite Imaging's Motion seeks to assert three state law counterclaims: Count I for violation of the Florida Computer Abuse and Data Recovery Act ("CADRA"), Fla. Stat. § 668.801; Count II for Conversion; and Count III for Breach of Duty of Loyalty. (*See* Countercl.). Elite Imaging's counterclaims stem from allegations that Plaintiff deleted his entire email file, as well as other files belonging to Elite Imaging. (*See id.* ¶ 15). The purportedly deleted files comprise many gigabytes of data and tens of thousands of files. (*See id.* ¶ 16). Elite Imaging alleges that Plaintiff knew at the time of removing the files that they "would contain substantial evidence to undermine his claim" for overtime wages "by revealing that Plaintiff did not, in fact, perform 24 hours of alleged off the clock work currently alleged in the Complaint." (*See id.* ¶ 17). Elite Imaging has been unable to recover all of the deleted files. (*See id.* ¶ 19). Elite Imaging further alleges that Plaintiff not only deleted files, but that he also wrongfully retained some of the files, and that those files have independent financial value to Elite Imaging. (*See id.* ¶¶ 21–22). Elite Imaging also "strongly suspects" that Perez misappropriated Elite Imaging's trade secrets. (*See id.* ¶ 24).

Plaintiff opposes Elite Imaging's Motion by characterizing the proposed counterclaims as an attempt to "transform this straightforward FLSA case into a complicated cybertheft matter" and by arguing that the counterclaims violate the *Brennan* rule applicable in FLSA cases. (*See* Response 1). Plaintiff asks the Court to exercise its discretion and deny the Motion. (*See id.*).

Plaintiff argues that the asserted counterclaims do not involve the hours that he worked or the pay that he received but rather that they "involve a distinct scenario" regarding contentions of deleted and misappropriated computer data. (*See id.* 3). Notably, Plaintiff indicates that Elite Imaging received the file containing the 6.4 gigabytes of deleted emails on December 29, 2016, prior to filing its Motion, and that the emails have all been exchanged in discovery. (*See id.* 3–4).

## II. Standard

Under the Federal Rules, "a party may amend its pleading only with the opposing party's written consent or the court's leave" once the time has passed for a party to do so as a matter of course. *See* Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court," *id.*, and the district court may deny leave to amend when such amendment would be futile, such as when the amended claim would be subject to dismissal. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citations omitted). Even where the addition of counterclaims could prolong the litigation, "ultimately, allowing the [p]arties to litigate all of the disputes between them is in the interests of efficiency and justice." *See E Constr., LLC v. HDJ Sec., Inc.*, No. 1:16-CV-33 (WLS), 2016 WL 4191027, at *5 (M.D. Ga. Aug. 5, 2016).

### A. Compulsory & Permissive Counterclaims

"In general, a compulsory counterclaim falls within the supplemental jurisdiction of

3

federal courts, while a permissive counterclaim requires an independent jurisdictional basis." *Bautista v. The Disc. Warehouse, Inc.*, No. 1:15-CV-24206-KMM, 2016 WL 1028358, at *1 (S.D. Fla. Mar. 15, 2016) (citing *Plant v. Blazer Fin. Servs. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979), and 28 U.S.C. § 1367(a)). Here, the three proposed counterclaims do not fall under federal question jurisdiction, nor does diversity jurisdiction apply because Plaintiff and Elite Imaging are both citizens of Florida. Accordingly, this Court only has jurisdiction over the counterclaims if they are found to be compulsory. *See East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989).

The Federal Rules provide that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *See* Fed. R. Civ. P. 13(a)(1)(A). The Eleventh Circuit applies the "logical relationship" test to determine whether a claim is compulsory. *See Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (citation and internal quotation marks omitted).

B. The *Brennan* Rule

The Eleventh Circuit is "hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases." *See Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11tth Cir. 2016); *see also Leite v. Tremron, Inc.*, No. 12-22118-CIV-MORENO, 2012 WL 4049962, at *2 (S.D. Fla. Sept. 13, 2012) ("In cases where a FLSA claim serves as the underlying basis for original jurisdiction, this Court has generally been reluctant to find that additional state law contract or tort claims form part of the same 'case or controversy' as the

4

federal claim."). "Accordingly, the Court has limited its exercise of supplemental jurisdiction in this context to instances where the state law counterclaims in some way encompass elements of the plaintiff's original FLSA claim." *Leite*, 2012 WL 4049962, at *2. Indeed, the courts of this circuit are "general[ly] reluctan[t] to exercise supplemental jurisdiction over counterclaims in FLSA cases which are premised on agreements that do not implicate the number of hours worked or payment received." *See Bautista*, 2016 WL 1028358, at *2 (citing other cases declining jurisdiction).

Additionally, a set-off is inappropriate in FLSA cases where such "set-off will cause the plaintiff's wages to fall below the statutory minimum, and deprive the plaintiff of the 'cash in hand' contemplated by the FLSA." *See id.* (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). This *Brennan* rule, which comes from the former Fifth Circuit, is grounded in the principle that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standard [and that] [t]o clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Brennan*, 491 F.2d at 4; *accord Pioch*, 825 F.3d at 1273. Any requested set-offs to an FLSA claim should not "force the Court to address the factual circumstances of numerous other claims unrelated to whether Plaintiff was adequately compensated according to minimum wage and overtime standards." *See Matthews v. Applied Concepts Unleashed, Inc.*, No. 2:11-CV-14347-KMM, 2012 WL 3150265, at *2 (S.D. Fla. Aug. 1, 2012).

However, "an employer could raise the affirmative defense of set-off in a case where the employee received overpayment of wages." *See Leite*, 2012 WL 4049962, at *3. "In such a case, the set-off would only reduce the overpayment while still maintaining the plaintiff's recovery of

wages under the FLSA." *Id.* Most importantly, "[a]ny setoff that reduces the amount of overtime wages that a plaintiff is entitled to under the FLSA is therefore inappropriate" because a proper set-off is only "against an overpayment or pre-payment of wages." *Id.* at *4.

### III. Discussion

A. Elite Imaging's Counterclaims Are Not Compulsory

The Court first finds that Elite Imaging's state law counterclaims do not meet the "logical relationship" test and, therefore, are not compulsory counterclaims. Plaintiff's FLSA claim is very straight-forward: he alleges that he worked an extra 24 hours of overtime each week, for which he was not paid. The issues before the Court in determining the merit of Plaintiff's FLSA claim will involve evidence and witness testimony as to those hours allegedly worked. In contrast, Elite Imaging's claims "are a matter wholly separate from the dispute over overtime compensation" and would require Elite Imaging to "present evidence and witness testimony on facts significantly different." *See id.* at *3.

Particularly, Elite Imaging claims that it "engaged in substantial effort, at substantial expense in terms of lost hours and productivity (in addition to other costs) . . . in an attempt to recover the [d]eleted [f]iles." (*See* Counterclaim ¶ 37). Elite Imaging argues that its "losses include, without limitation, the costs of investigating Perez's actions, assessing the resulting damages, restoring the data and information altered and/or deleted by Perez, as well as the costs associated with the interruption to Elite Imaging's business." (*See id.*). It is true that evidence relating to the emails and computer files may be used by Elite Imaging to challenge the merits of Plaintiff's claims for overtime pay under the FLSA. However, Elite Imaging's counterclaims go far beyond that by requiring discovery, witnesses, and experts with respect to issues tangential to Plaintiff's FLSA claims, including the deletion and recovery of electronic files and damages.

6

Elite Imaging itself asserts that its "counterclaim seeks to do no more than recover damages caused by the loss of Defendant's files, and to recover damages Defendant incurred and will continue to incur to try and recover the lost files." (*See* Reply 3). Elite Imaging continues that its counterclaims are "no different than any aggrieved party suing to recover damages for a tort committed against it." (*See id.*). These matters extend beyond the confines of a determination of overtime wages under the FLSA, and Elite Imaging's assertions here work against its argument that its counterclaims are compulsory.

Because the Court has determined that the counterclaims are not compulsory, Elite Imaging should bring its counterclaims in a forum with proper jurisdiction. However, there may be an independent basis for federal court jurisdiction over Elite Imaging's claims, under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, thus providing an alternative means for Elite Imaging to assert the claims as permissive counterclaims. The Eleventh Circuit recently clarified that damages of the type sought by Elite Imaging, *i.e.*, forensic and physical review of computer systems, are recoverable under the CFAA. *See Brown Jordan Int'l, Inc. v. Carmicle*, — F.3d —, 2017 WL 359651, at *5 (11th Cir. 2017). Elite Imaging indicated that it "is prepared to add this claim if the Court finds it necessary to do so as an independent basis for maintaining jurisdiction over the counterclaim." (*See* Reply 7). Nevertheless, the Court's following analysis shows why even a CFAA counterclaim would also be inappropriate under the *Brennan* rule.

### B. Elite Imaging's Counterclaims Violate the *Brennan* Rule

Elite Imaging's proposed counterclaims are barred by the *Brennan* rule, whether the counterclaims are compulsory or permissive. Elite Imaging argues that "there is no allegation that [Elite Imaging] is seeking to reduce the cash in hand Plaintiff received in the past, or which

7

he may receive as minimum wages from the FLSA claims." (*See* Reply 3). However, any recovery under Elite Imaging's counterclaims will necessarily reduce Plaintiff's FLSA overtime recovery and are inappropriate. Elite Imaging does not allege that it overpaid Plaintiff, so any reduction of Plaintiff's FLSA damages would violate the *Brennan* rule by reducing Plaintiff's compensation below the FLSA statutory minimum. *See Leite*, 2012 WL 4049962, at *4.

Elite Imaging mischaracterizes the *Brennan* rule when it argues that "it is nearly impossible for the damages that [Elite Imaging] may recover on the counterclaim to reduce Plaintiff's earnings below minimum wage" because Plaintiff earned "more than five times the minimum wage" with his salary of $39 per hour. (*See* Reply 9). Elite Imaging argues that even if it "recovered $50,000 on its counterclaim, Plaintiff would still recover tens of thousands of dollars in excess of the minimum wages if he prevails on the claim asserted in the Complaint." (*See id.*). Plaintiff's overtime claims are premised on time and one-half of his regular hourly rate, (*see* Compl. ¶ 17), not a statutory minimum wage one-fifth of Plaintiff's salary. A set-off cannot reduce the amount of overtime wages due, but can only be claimed against overpayment or pre-payment of wages. *See Leite*, 2012 WL 4049962, at *4. Therefore, any recovery under Elite Imaging's counterclaims would run afoul of the *Brennan* rule, which is "to assure to the employees of a covered company a minimum level of wages," *see Brennan*, 491 F.2d at 4, and "would delay and interfere with the process of bringing the employer into compliance with the FLSA's overtime requirements," *see Pioch*, 825 F.3d at 1273–74 (citing *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983)).

## IV. Conclusion

Elite Imaging's proposed counterclaims are not compulsory, and the Court lacks an independent jurisdictional basis to permit them as permissive counterclaims. Additionally, even if Elite Imaging were to amend its proposed counterclaims to assert a CFAA federal claim, the counterclaims would still be disallowed for violation of the *Brennan* rule. Therefore, the Court finds that granting Elite Imaging leave to amend in this case would be futile. *See Hall*, 367 F.3d at 1263. While it is in the interest of justice and efficiency to allow the parties to litigate all of their disputes in one forum, litigation of the counterclaims in the present case "would delay and interfere with the process of bringing the employer into compliance with the FLSA's overtime requirements." *See Pioch*, 825 F.3d at 1273–74 (citation omitted). Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 19]** is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami, Florida, on February 17, 2017.

Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge Alicia M. Otazo-Reyes
All Counsel of Record